```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JONATHAN CABRAL CONCEPCION,                                 :
                              Plaintiff,                    :    25 Civ. 5781 (LGS)
                                                            :
              -against-                                     :
                                                            :        ORDER
WILSON CHARLES THOMAS, JR AND                               :
VANDENBUSH ENTERPRISES, LLC,                                :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed a Notice of Removal on July 14, 2025, (Dkt. No. 1) and removed this action from State Court pursuant to the Court's diversity jurisdiction.

WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal. "The general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 Fed. Appx. 489, 491 (2d Cir. 2003) (summary order); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 14A Wright & Miller § 3723, at 311–12).

WHEREAS, for the purpose of determining whether diversity jurisdiction exists, an LLC or an LP is considered to have the citizenship of all of its members. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

WHEREAS, for the purpose of diversity jurisdiction a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

WHEREAS, the Notice of Removal is deficient because it fails to allege Defendant's citizenship both at the time of the commencement of the action and at the time of the Notice of Removal.  It is hereby

**ORDERED** that this matter is summarily remanded to state court.  Defendant's Notice of Removal is procedurally defective.

Pursuant to § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, County of Bronx. The Clerk of Court is further directed to close the case.

Dated: July 17, 2025
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE